IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD LEE WILLIS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 2:12cv230 |
| | § | |
| RICK THALER, Director, TDCJ-CID[1] | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner incarcerated at TDCJ-CID's Bill Clements Unit in Amarillo,. Texas (D.E. 1). Petitioner challenges a 2011 disciplinary conviction at the Garza West Unit in Beeville, Texas for threatening a staff member (*Id.*). In 2011, he was sentenced by the 227th Judicial District Court of Bexar County Texas, to serve six years in the custody of the Texas Department of Criminal Justice (*Id.*).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). Petitioner's place of incarceration is in Potter County, located in the Amarillo Division of the Northern District of Texas, 28 U.S.C. § 124(a)(5), and he was convicted by a court located in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4). Although the disciplinary violation and conviction occurred while petitioner was confined at the Garza West Unit in Bee County, his disciplinary

---

[1] Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and therefore is the proper respondent. Rule 2(a), Rules Governing Section 2254 Cases. The Clerk shall substitute Rick Thaler as the proper respondent.

conviction is not considered to be a state court conviction and this court does not have jurisdiction to hear and decide petitioner's claims. 28 U.S.C. § 2241(d); <u>Wadsworth</u>, 235 F.3d at 962.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because the petitioner is confined at the direction of a state court located in Bexar County, it is in the interests of justice for this action to be transferred to the San Antonio Division of the Western District of Texas.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this _____ day of 7/27/12 , 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

2